District Court of Appeal of Florida, First District.

Opinion filed December 12, 2016.

Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant, R.S., admitted to violating the terms of her juvenile probation, which were imposed after she was convicted of misdemeanor possession of marijuana. As a result of this violation, the trial court adjudicated her delinquent and committed her to a non-secure residential program. We affirm the adjudication of delinquency, but reverse the disposition order because, as conceded by the State, the trial court erred in committing R.S. to a non-secure residential program without making the required written findings. See § 985.441(2)(d), Fla. Stat. (2014) (authorizing the trial court to commit a child whose offense is a misdemeanor to a non-secure residential placement if the court makes written findings that "the protection of the public requires such placement or that the particular needs of the child would be best served by such placement."). We remand for the trial court to make written findings to support its placement decision, or if it is unable to do so, to enter an appropriate disposition order. See R.S.C. v. State, 157 So.3d 541 (Fla. 1st DCA 2015); P.W. v. State, 135 So.3d 583 (Fla. 1st DCA 2014); K.M.H. v. State, 91 So.3d 262 (Fla. 1st DCA 2012). All other issues raised on appeal are affirmed without further comment.

AFFIRMED in part; REVERSED in part; REMANDED with directions.

LEWIS, ROWE, and KELSEY, JJ., CONCUR.

**Orlando THOMPSON, Petitioner,**

v.

**STATE of Florida, Respondent.**

**CASE NO. 1D16–1611**

District Court of Appeal of Florida, First District.

Opinion filed December 16, 2016.

Alvin L. Peters of Peters & Scoon, Panama City, for Petitioner.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Respondent.

PER CURIAM.

The petition is DENIED without prejudice to the petitioner's ability to raise the affirmative defense of self-defense at trial. See Mederos v. State, 102 So.3d 7, 11 (Fla. 1st DCA 2012).

WOLF, LEWIS, and OSTERHAUS, JJ., CONCUR.